I do not think that this case presents any facts which show that the attachment improperly issued. It appears that the plaintiff was indebted to the defendant; that he said it was the last debt he would discharge, as the defendant had been informed. He was also informed that he had conveyed away all his lands; that he had evaded seeing one of his creditors and paying the debt he owed him on the day he was to start to Montgomery, as he had promised to do; that it was doubted by the neighborhood whether he would return; besides it does not appear that he went to Montgomery and was there when the attachment issued. From all these circumstances I cannot see wherein the defendant transcended the limits prescribed by the act which authorizes attachment to issue. That act directs that attachment may issue when the party praying it makes oath that his debtor hath removed or is removing himself out of the county privately, or so absconds or conceals himself that the ordinary process of law cannot be served on such debtor. From the facts set forth the defendant might have believed that the plaintiff had absconded, or so concealed himself (548) that the ordinary process of law could not be served upon him; and if he believed it, he was not amenable in the present action, although the facts were otherwise than he believed them to be. It is not only necessary, for instance, in the present case that the plaintiff should have been residing in the county of Montgomery openly and not absconding from the process of law, but it is also necessary to prove that the defendant knew it. It must be taken that the party swore to the truth until it is proved that he knew the facts to be different from what he deposed to. I, therefore, think the rule for a new trial should be made absolute.
HENDERSON, J., concurring.
PER CURIAM. New trial.
Cited: Davis v. Gulley, 19 N.C. 363; Burnett v. Nicholson, 79 N.C. 550;Ely v. Davis, 111 N.C. 26; Mahoney v. Tyler, 136 N.C. 43; R. R. v.Hardware Co., 138 N.C. 178; Wright v. Harris, 160 N.C. 555.